NORTHERN PAC. RY. CO. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. · October 27, 1900.)

No. 1,382.

1. NAVIGABLE WATERS—OBSTRUCTION OF RIVER.
   Where, by reason of the plastic nature of a substratum of clay under the right of way of a railroad located some distance from a navigable river, the track of the road settled, and the additional weight of an embankment built by the company forced the clay into the bed of the river, causing a bar, which obstructed navigation, such bar is the direct result of the building of the embankment, and constitutes a public nuisance, for the creation and maintenance of which the company is liable, unless the ob-

struction was authorized by congress, and such authority cannot be implied from an act authorizing the building of the road where it was located.

**2. SAME—INJUNCTION—SUIT BY UNITED STATES.**

The additional embankment which caused the obstruction in the river having been built after the passage of Act Sept. 19, 1890 (26 Stat. 454, c. 907), which in express terms prohibited "the creation of any obstruction, not affirmatively authorized by law, to the navigable capacity of any waters in respect of which the United States has jurisdiction," and provided that the creation or continuance of any such unlawful obstruction might be prevented by injunction at suit of the United States, the provisions of such act are applicable, and the further construction of the embankment will be enjoined, except on condition that the company takes measures to prevent any further obstruction of the river thereby.

Appeal from the Circuit Court of the United States for the District of North Dakota.

The United States of America exhibited its bill in the United States circuit court for the district of North Dakota against the Northern Pacific Railway Company, the appellant, to restrain it from creating an obstruction in the channel of the Red River of the North opposite the city of Grand Forks, in the state of North Dakota. At the place in question the Red River is navigable, and constitutes a part of the navigable waters of the United States, for the improvement of which money has been appropriated by congress. While there is some traffic upon the river, the traffic is not large. The case discloses, without contradiction, the following facts: By virtue of lawful authority, the defendant company located and built its railroad through the city of Grand Forks in the year 1887. Between Cheyenne avenue and Hill avenue, in said city, the railway was located about 320 feet from the bank of the Red River of the North at the furthest point therefrom, and 175 feet distant from the nearest point. Intervening between the company's right of way and the bank of the river are other lands, varying in width from 50 to 200 feet. After the road had been constructed, the track for the distance of some 1,200 feet between Cheyenne avenue and Hill avenue began to settle, the greatest depression at any one point being about 17 feet below the horizontal plane on which the track was originally laid. For this reason the defendant company began to raise its embankment by depositing thereon additional material, such as soil, silt, and gravel. It transpired that the embankment rested upon a stratum of yellow clay mixed with sand, which was some distance beneath the surface of the earth, through which water percolates. This stratum was so plastic that it would flow laterally when pressed upon by any considerable weight in addition to the weight of the soil in its natural condition. When the defendant company began to raise its embankment between the points above stated the additional weight added to the embankment caused the yellow clay to flow laterally in the direction of the river, and to bulge up in the channel thereof, thereby causing a bar, which operated as an obstruction to navigation. In view of these facts, the trial court issued a perpetual injunction, restraining the defendant company from placing any additional material in its embankment between the points aforesaid in the city of Grand Forks so as to create an obstruction in, or lessen the navigability of, the Red River of the North at that point. The present appeal was taken to obtain a reversal of this order.

C. W. Bunn, for appellant.

John W. Griggs, U. S. Atty. Gen., and P. H. Rourke, U. S. Dist. Atty., for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

It is contended in behalf of the defendant company that the facts above recited do not disclose an actionable wrong on account of

which relief can be afforded under a bill filed by the United States. The principal reasons assigned in support of this contention may be stated briefly as follows: It is said that the existence of the bar in the Red River opposite the city of Grand Forks is not the immediate and direct result of any act done or performed by the defendant company, but is the indirect, consequential, and unforeseen result of placing additional weight upon its right of way; and that inasmuch as it was duly authorized by its charter and a city ordinance to construct its road through the city of Grand Forks on the line where its road is in fact located, and has been guilty of no negligence either in constructing or maintaining the same, it cannot be held accountable for an obstruction to navigation which is merely one of the incidental results of its authorized acts. It accordingly becomes necessary to determine if these several propositions are tenable.

We have no doubt that the bar in the river was the unforeseen result of placing additional weight on the defendant's right of way, but no reason exists for saying that the obstruction was merely an indirect, remote, or consequential result of the increased burden. The bed of the river rose, and navigation was thereby obstructed, because the additional weight placed on the defendant's right of way forced the stratum of plastic clay upwards in the bed of the stream, thereby creating a bar. The relation of cause and effect was as immediate as it would have been if the defendant had dumped a mass of silt and earth into the river, and had thereby formed a bar. And, inasmuch as one who places or creates an obstruction in a navigable river without legal sanction thereby creates a public nuisance, the defendant company can only escape liability for its acts by showing that congress has in fact authorized it to create obstructions of the kind now in question. It is hardly necessary to observe that the city of Grand Forks has no power, by ordinance or otherwise, to authorize persons or corporations to create obstructions in any of the navigable waters of the United States over which congress exercises jurisdiction. The only authority, therefore. on which the defendant company can rely to justify the obstruction in question, is the act of congress which authorized its predecessor in interest, the Northern Pacific Railroad Company, to build and maintain a transcontinental railroad along a designated route. But a statute which authorizes a railroad corporation to build its road parallel to a navigable stream, and several hundred feet distant therefrom, does not. by any fair rule of interpretation, empower it to create an obstruction in the channel of the stream which will interfere with its navigability. The power to build a highway like a railroad does not carry with it, by implication, the right to destroy or obstruct a water highway. There is an implied condition attached to all legislative grants, authorizing the construction and operation of railroads or other public improvements, that in the exercise of the authority conferred nuisances shall not be created, and that private property shall not be taken without just compensation. Baltimore & P. R. Co. v. Fifth Baptist Church, 108 U. S. 317, 332, 333, 2 Sup. Ct. 719, 27 L. Ed. 739; Chicago G. W. Ry. Co. v. First Methodist

Episcopal Church (C. C. A.) 102 Fed. 85; Costigan v. Railroad Co., 54 N. J. Law, 233, 23 Atl. 810; Shelfer v. Lighting Co. (1895) 1 Ch. 287, 295, 296. It may be conceded for present purposes that a right conferred upon a railroad corporation to construct its road along a designated route carries with it by implication, when the power is not expressly given, the right to obstruct navigable streams and public highways to such limited extent as may be necessary to carry its track over and across such streams and highways as it is found necessary to cross. Express provisions, however, are usually found in legislative acts authorizing the building of railroads to cover cases of the latter kind, and it rarely happens that the power to create even slight obstructions in navigable streams or public highways is left by the legislature to implication. We are of opinion that the right to create an obstruction in a navigable stream like the one involved in the present case cannot be deduced by implication from the fact that congress has authorized the construction of a railroad parallel to the course of the stream, and some distance therefrom. In the case in hand the fact that the existence of the stratum of plastic clay underneath the surface of the soil was unknown to congress at the time the construction of the defendant's road was authorized, and that the result which would flow from the making of a heavy embankment at the place in controversy was unforeseen conclusively negatives the inference that the legislature intended to empower it to do and perform acts, either in the construction or maintenance of its road, that would not only obstruct navigation in the Red River of the North, but would probably damage some private property adjacent to its roadbed. It is by no means probable that congress would have authorized the building of the defendant's railroad at the point in question, without imposing some restrictions as to the method of building it, had it been acquainted with the condition of the soil in that locality, and had it foreseen the unique effect upon the river bed of building a heavy embankment in close proximity thereto. It cannot be presumed that it intended to authorize the creation of a public nuisance, and what it did not intend to do it has not in fact done.

From another point of view we also reach the conclusion that the defendant company was guilty of an unlawful act in placing such an increased burden on its right of way as occasioned an uprising in the bed of the river and a consequent obstruction to navigation. By the tenth section of an act approved September 19, 1890 (26 Stat. 454, c. 907), congress in express terms prohibited "the creation of any obstruction, not affirmatively authorized by law, to the navigable capacity of any waters in respect of which the United States has jurisdiction"; and furthermore declared, in substance, that the creation or continuance of any such unlawful obstruction might be prevented by the injunction of any circuit court exercising jurisdiction in any district in which such obstruction might be threatened, and that proper proceedings to that end might be instituted under the direction of the attorney general of the United States. The present action appears to have been brought in accordance with the provisions of that act. The prohibition contained in this statute

against creating an obstruction in navigable waters, unless it is affirmatively authorized by law, is general in its terms, and the statute was enacted before the increased burden was imposed on the defendant's right of way which caused the formation of the bar in the channel of the river. Neither the defendant company nor its predecessor in interest had a vested right under its charter to improve its roadbed in such a manner as would obstruct navigation in a navigable river, and, having no such right, the acts complained of fall within the prohibition of the aforesaid statute, and are clearly unlawful.

The record contains evidence which tends to show that the defendant's embankment now in process of construction will shortly settle through the stratum of plastic clay, and rest upon a solid foundation of blue clay, after which time the lateral movement of the plastic stratum will cease. In view of this fact, and because of the present great depression in the defendant's track which impedes the movements of its trains, and because it seems evident that the bar which is at present forming may be kept down by dredging, so as not to obstruct navigation, we have concluded to modify the injunction that was granted by the lower court so as to make it plain that the work of raising the defendant's embankment may proceed, provided the bar in the river is kept down so as not to obstruct navigation. With this purpose in view, and to avoid any misapprehension as to the scope of the injunction, the following clause will be added to the decree:

"The injunction hereby awarded shall not be so construed as to prevent the defendant company from proceeding with the work of raising its tracks between Cheyenne and Hill avenues to the proper level, if by dredging or otherwise, as the work progresses, it shall, at its own cost and expense, prevent the formation of any such bar in the channel of the Red River of the North as will at any time lessen or impair its navigability."

As thus amended, the decree below is affirmed.