MAXON et al. v. CHICAGO & N. W. RY. CO.

(District Court, E. D. Wisconsin. April 16, 1903.)

1. NAVIGABLE WATERS—OBSTRUCTION OF RIVER—LIABILITY FOR DAMAGES.

A railroad company which constructed a drawbridge over a navigable river under and in conformity to a license from the War Department is liable for an injury received by a vessel while passing through the draw, caused by striking stone and other material deposited in the river in constructing the bridge, and which obstructed the channel between the piers.

In Admiralty. Libel to recover for damages suffered by the tug S. S. Coe in the loss of her wheel while passing through the draw of the respondent's bridge crossing the Menominee river at Milwaukee.

J. E. Wildish, for libelants.

E. M. Hyzer, for respondent.

SEAMAN, District Judge. The tug lost her wheel in the north draw of the railway bridge while passing up for a tow, breaking her way through the ice, and recovery of damages is sought on the ground that the channel was obstructed and the injury caused by stone placed therein by the respondent during the construction of the bridge. The testimony is convincing that the wheel of the tug struck stone in the channel near the easterly clump of protection piles, and that such obstruction resulted from the operations of the respondent in the erection and adjustment of the bridge. It is undisputed that stone was thrown in at the sides of the abutment as a protection from wash, but the testimony is conflicting as to its extending beyond, into the channel; and it is admitted that dirt and gravel were thrown in front of the abutment in removing the material from the back of the wall, when it was found necessary to relieve the pressure to bring and keep the wall in place. Immediately after the accident one of the libelants made soundings to locate the obstruction, and subsequent soundings were taken on the part of the respondent; the testimony on behalf of the respondent showing thorough examination, and more satisfactory proof than that produced by the libelants, either of their own soundings, or those taken by the city inspector. There is conflict in the testimony as to the thickness of the ice, the manner and direction of the approach by the tug, and the exact location of the accident; but I am satisfied that the preponderance is in favor of the libelants' contention in these particulars, and that the wheel struck the stone on the sloping bank of the material deposited in front of the abutment in

passing near the clump of protection piles before mentioned. The presence of such obstruction at this point, resulting from the respondent's 'work, is borne out by the circumstances, and corroborated by sufficient proof, and is not inconsistent with the testimony on the part of the respondent as to the subsequent soundings. That considerable stone was subsequently dredged out of this portion of the channel distinctly appears. The tug was entitled to the use of the full channel between the center pier on the south side and the protection piles fronting the north abutment. The obstruction which caused the damage was plainly within that channel, resulting from the respondent's work, and the navigator of the tug had no knowledge or warning of its presence. The right to recover damages produced by an obstruction so placed is well recognized. Atlee v. Packet Co., 21 Wall. 389, 395, 22 L. Ed. 619, 8 Rose Notes U. S. Rep. 445; Missouri Riv. Packet Co. v. Hannibal & St. J. R. Co. (C. C.) 2 Fed. 285, 1 McCrary, 281. And the rule of liability is applicable to the respondent. Northern Pac. Ry. Co. v. U. S., 44 C. C. A. 135, 104 Fed. 691, 693, 59 L. R. A. 80. The undoubted proof that the bridge structure conformed in all respects with the authority and limitations of the license from the War Department does not affect the issue.

The damages claimed in the libel were $600. Items were submitted in evidence amounting to $802.53, and leave to amend accordingly is prayed. I am of opinion that the items for bill of Sheriff Manufacturing Company, $352.21, for shipyard bill, $74.94, and for engineer services and coal to siphon the tug while waiting for dry dock, $80.38, are justly entitled to allowance; making $507.53. The items for Parker, as superintendent, and Swan, "for locating wheel," are not deemed allowable, and the claim for loss of use of tug at that season is deemed excessive. One hundred dollars will be allowed for that account, making the aggregate $607.53, and the libel will be treated as amended for such allowance.

Decree for the libelants accordingly and for costs.