LUSK et al., Receivers, ST. LOUIS & S. F. R. CO., v. BOSTON.

No. 10136—Opinion Filed June 14, 1921.

Rehearing Denied Aug. 26, 1921.

(Syllabus.)

Railroads—Receivership—Termination By Sale of Road—Substitution of Parties in Pending Actions—Waiver.

Where a railroad was being operated by receivers appointed by a United States court having jurisdiction, and B., owning land adjacent to the right of way of such railroad, suffered loss by reason of the negligent acts of the employes of the railroad company, permitting fire to escape which destroyed property belonging to B., and he instituted an action in the district court of the proper county against such receivers, in their fiduciary capacity, and by orders of the court appointing such receivers said railroad was sold, and thereafter a final judgment was rendered confirming said sale which provided in part that "the railway company so purchasing said road shall have the right, if it so elects, to be substituted as a party, in lieu of said receivers, in all or any litigation by or against said receivers now pendng on appeal, or otherwise, or continue such litigation in the name of said receivers," and such railway company's attorneys represented it in the action pending to recover damages, held, that by its failure to be substituted a party in lieu of the receivers, it elected to continue the litigation in the name of the receivers and is bound by the judgment so rendered.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by Ray Boston against James W. Lusk, William C. Nixon, and William B. Biddle, as receivers of the St. Louis & San Francisco Railroad Company, a corporation, to recover damages for loss sustained by fire resulting from the negligent acts of the servants, agents, and employes of the defendants. Judgment for plaintiff, and defendants appeal. Affirmed.

W. F. Evans, Kleinschmidt & Grant, and Herman S. Davis, for plaintiffs in error.

Parker & Simons, for defendant in error.

MILLER, J. This action was commenced in the district court of Garfield county, by

Ray Boston, as plaintiff, against James W. Lusk, William C. Nixon, and William B. Biddle, as receivers of the St. Louis & San Francisco Railroad Company, a corporation, as defendants. The case was tried to a jury, which resulted in a verdict in favor of the plaintiff for $535. Judgment was rendered on the verdict in favor of the plaintiff. Defendants' motion for a new trial was overruled, and defendants perfected this appeal. The parties will be referred to as they appeared in the lower court.

The petition was filed on the 6th day of April, 1916, and summons issued thereon and served as provided by law.

Plaintiff's cause of action was to recover the sum of $1,425 as damages alleged to have been sustained by him because of the servants, agents, and employes' negligence in permitting fire from the right of way of the railroad company to spread upon and over plaintiff's land and destroy certain grass and trees on the property of the plaintiff. The plaintiff also sought to recover the sum of $75 by reason of the negligence of said railroad company's servants, agents, and employes causing the death of one of his cows. The jury did not make any allowance for the loss of the cow.

The defendants answered by general denial, except they admit they were the duly appointed, qualified, and acting receivers of the St. Louis & San Francisco Railroad Company, and were acting in that capacity on the 18th day of January, 1914, that being the date on which the fire was alleged to have occurred. The defendants, further answering, say that the railroad property heretofore belonging to the St. Louis & San Francisco Railroad Company, of which they were the receivers, was sold, deeded, and transferred to St. Louis-San Francisco Railway Company, and that said St. Louis-San Francisco Railway Company entered upon and took possession of all of said property on the 1st day of November, 1916, and that these defendants have not now in their possession any property, rights, and franchises belonging to the said St. Louis & San Francisco Railroad Company.

The defendants on the trial of the cause offered in evidence Exhibit A, being an order discharging receivers which was issued out of the district court of the United States for the Eastern division of the Eastern district of Missouri, in equity case No. 4174, entitled "North American Company, Complainants, v. St. Louis & San Francisco Railroad Company, Defendants." The de-

fendants claim that by reason of the discharge of said receivers and by virtue of the order above referred to, the plaintiff could not further prosecute this action and could not obtain judgment against either the receivers or the St. Louis-San Francisco Railway Company. Paragraph 4 of the order reads as follows:

"It is further ordered, adjudged and decreed, that said St. Louis-San Francisco Railway Company shall have the right, if it so elects, and at its own cost and expense, to be substituted a party in lieu of said receivers in all or any litigation by or against said receivers now pending on appeal or otherwse, or continue such litigation in the name of said receivers."

Under this paragraph of the order the St. Louis-San Francisco Railway Company had the right to continue the litigation in the name of the receivers. It elected to continue this litigation in the name of the receivers by its failure to be substituted as a party defendant in lieu of said receivers. This litigation was pending before the order was made by the federal court, and this case was included within said order. The attorneys of record for the St. Louis-San Francisco Railway Company appear in this case, and the company had knowledge of the pendency of this suit. The plaintiff could have moved to amend and substituted the St. Louis-San Francisco Railway Company as defendant and the court would properly have sustained such motion. This is clearly within the very able opinion written by Harrison, C. J., in the case of St. Louis & San Francisco Railroad Company et al. v. Ledbetter, No. 9895, 83 Okla.—, 200 Pac. 701 (decided May 31, 1921). Section 5 of the syllabus reads:

"Under the foregoing statute it was not error for the trial court to permit plaintiff to amend petition by substituting the name 'St. Louis-San Francisco Railway Co.' for the name 'St. Louis & San Francisco Railroad Co.,' it appearing that the regular service agent of the identical line alleged to have caused the damage had been duly served with summons, and that the regular attorneys for said identical line appeared and answered and defended against the action, and also appearing that no injustice was done by the amendment."

The railway company has not pointed out any errors committed by the trial court that would justify a reversal of this action; therefore the judgment is affirmed.

HARRISON, C. J., and JOHNSON, ELTING, and KENNAMER, JJ., concur.