BLAKE v. ATLAS SUPPLY CO.

No. 5236.  Opinion Filed September 28, 1915.

(152 Pac. 81.)

1.    **DAMAGES—Mitigation—Question of Fact.** In a case involving application of the principle that a party whose property is endangered or injured by the act or omission of another must reasonably exert himself to prevent or lessen his damage, the question of whether or not such party, under the circumstances and in good faith, exercised ordinary care and diligence to that end is one of fact, to be determined by the jury, or court sitting as a jury.

2.    **DAMAGES—Directed Verdict for Nominal Damages—Evidence.** An instruction to return a verdict for nominal damages is erroneous in a case where the evidence establishes that the wrongful acts of defendant caused a substantial loss by plaintiff in an amount susceptible of ready ascertainment.

(Syllabus by Bleakmore, C.)

*Error from Superior Court, Muskogee County;
Farrar L. McCain, Judge.*

Action by Harry F. Blake against the Atlas Supply Company.  Judgment for plaintiff for nominal damages, and he brings error.  Reversed and remanded.

*David A. Kline* and *Charles P. Gotwals,* for plaintiff in error.

*Wm. T. Hutchings* and *W. P. Z. German,* for defendant in error.

Opinion by BLEAKMORE, C. This action was commenced in the superior court of Muskogee county, on the 13th day of September, 1912, by the plaintiff in error as plaintiff, against the Atlas Supply Company, for damages accruing by reason of the unlawful levy of an execution. The cause was tried to a jury, which, under instruction of the court, returned a verdict for the plaintiff in the sum of one cent. This action of the court is assigned as error.

The facts are that, in the summer of 1912, plaintiff owned and occupied, as the home of his family and as a truck garden, a certain lot in the city of Muskogee, the improvements upon which included a dwelling house, two greenhouses, a well, a pond of water, and an irrigation plant, consisting of a gas engine, pump, pipes, etc., used in supplying water to said premises. He had planted and had growing in said greenhouses and on the premises, crops of vegetables. Defendant had obtained judgment against the plaintiff and another in a justice court of said county for the purchase price of said engine, pump, etc.; and in July, 1912, by virtue of an execution issued out of said justice court, levied upon said engine and pump, and had the same detached and removed the same from said premises. Whereupon plaintiff recovered possession thereof in an action of replevin. Immediately thereafter defendant filed in the office of the clerk of the district court of Muskogee county an abstract of its judgment against the plaintiff in the justice court and caused execution to be issued thereon and again levied on said property. Thereafter said district court, upon motion of the plaintiff to quash said last-mentioned levy, specifically determined that said engine and pump were a part of the realty and homestead of plaintiff, and that said levy was unlawful, and

the same was quashed and set aside. Plaintiff testified that while equipped with said engine and pump his premises were adequately supplied with water; that after the same were taken under said execution he was unable to procure another engine and pump to operate his irrigation plant; that he carried water from the pond in barrels, and obtained a rope and bucket and drew from the well, but by reason of his inability to secure a sufficient supply of water by this means, his crop of vegetables was destroyed, and he was damaged thereby in a large sum.

Defendant contends that the action of the court in directing a verdict was correct, and in support thereof invokes the rule that in order to prevail, the plaintiff, when his property was endangered by the acts of defendant, must have exercised reasonable care to protect himself from damage. The case was tried by both parties upon the theory that such rule was applicable.

"The principle that the injured party must reasonably exert himself to prevent damage applies alike to cases of contract and tort. * * * The measure of duty is such care and diligence as a man of ordinary prudence would use under the circumstances. One may not have done the very thing, nor used the very means, that should have been used, as developed by subsequent information, and yet not be in fault." (Sutherland on Damages [3d Ed.] sec. 90.)

Whether the plaintiff in good faith exercised that care and diligence which, under the circumstances existent in this case, would entitle him to recover was a controverted question of fact, which should have been left to the determination of the jury under proper instructions.

The instruction to return a verdict for nominal damages, a trivial sum properly awarded in certain cases for mere technical injury, as contradistinguished from actual

or compensatory damages, was erroneous under the evidence adduced in this cause, which tended to establish a substantial loss by plaintiff in a sum susceptible of ready ascertainment. Plaintiff was entitled to have the question of the amount of his damage determined by the jury.

It follows that the judgment of the trial court should be reversed, and the cause remanded.

By the Court: It is so ordered.