(No. 5676. December 14, 1931.)

CRYSTAL DOME OIL & GAS COMPANY, a Corporation, Respondent, v. PAUL G. SAVIC, Appellant.

[6 Pac. (2d) 155.]

S. L. Tipton, for Appellant.

J. B. Eldridge, for Respondent.

LEE, C. J.—Plaintiff and respondent, Crystal Dome Oil & Gas Company, sued defendant and appellant, Paul G. Savic, seeking to replevin a geological report, of which it claimed to be the owner and which, it alleged, Savic "wrongfully, wilfully, maliciously and unlawfully took possession of" and "wrongfully, wilfully, maliciously and unlawfully" continued to withhold and retain, to plaintiff's damage in the sum of $10,000. The value of the report was declared to be $3,085. Defendant and appellant denied "each and every allegation in plaintiff's complaint contained." Verdict was rendered in respondent's favor for the value of the property and for $1,000 damages; and from that part of the judgment carrying damages came this appeal.

The errors specified may be resolved into two contentions, viz: That there was an utter lack of evidence to establish any actual damage as a prerequisite to punitive damages, and that the trial court erred in giving Instruction No. 11

directing the jury to find from the evidence what, if any, was the usable value of said report, appellant insisting that "there is no evidence in the record as to the value of the geological report during the time of its detention by the defendant."

From the record, it appears that there had been trouble between the parties. Appellant had been deposed as president and his salary stopped. Five witnesses testified that thereafter at divers times he stated that, if he could not "run the company," he would "wreck it" or tie it up so that all operations would cease. The record further shows that, due to its inability to exhibit the withheld report, respondent suffered repeated cessation of negotiations looking to the purchase of stock, on one occasion, parties interested in "taking over the whole enterprise" refusing "to go any further, unless we could get it."

In replevin actions, where the taking or detention is accompanied by wanton, malicious or oppressive conduct, the general rule is that the jury may assess exemplary or punitive damages in the nature of "smart money." The rule was clearly enunciated in *Unfried v. Libert,* 20 Ida. 708, 119 Pac. 885. In such cases, definite proof of actual damages is unnecessary. To show that a legal right has been violated is sufficient, the violation itself, supplying a foundation for nominal damages. *Western Union Tel. Co. v. Lawson,* 66 Kan. 660, 72 Pac. 283, defining nominal damages as those arising "by implication of law for the violation of the rights of another, from which injury arises but which is either incapable of ascertainment, or the value of which the proof wholly fails to show," *Duggan v. Baltimore etc. R. Co.,* 159 Pa. 248, 39 Am. St. 672, 28 Atl. 182, declaring nominal damages recoverable "where a legal right is to be vindicated from an invasion that has produced no actual present loss of any kind," *Maher v. Wilson,* 139 Cal. 514, 73 Pac. 418, denominating them "a trifling sum awarded . . . . where, from the nature of the case, some injury has been done, the amount of which the proofs fail entirely to show," *Blake v. Atlas Supply Co.,* 51 Okl. 426, 152 Pac. 81, recognizing them as a "trivial sum properly awarded in certain cases for mere

technical injury as contradistinguished from actual or compensatory damages," *Chaffin v. Fries Mfg. & Power Co.*, 135 N. C. 95, 47 S. E. 226, quoting Cooley on Torts, 2d ed., p. 74, to the effect that "in the case of a distinct legal wrong, which in itself constitutes an invasion of the right of another, the law will presume that some damage follows as a natural, necessary and proximate result." Almost the same language was employed by the South Carolina court in *Reaves v. Western Union Tel. Co.*, 110 S. C. 233, 96 S. E. 295, holding that "where there is evidence of a reckless or wilfull invasion of a legal right the law presumes sufficient actual damages to sustain the verdict for punitive damages." The requirement that actual damage be shown before punitive damages are recoverable is satisfied by nominal damages merely. (17 C. J. 974, note 23, and authorities cited; *Reaves v. Western Union Tel. Co., supra; Webb v. Western Union Tel. Co.*, 167 N. C. 483, 83 S. E. 568; 2 Sutherland on Damages, 4th ed., p. 1324, and citations.) Appellant, in his brief, insists that "all the damages the jury could award plaintiff under the proof were nominal damages." Damages, though nominal, are none the less actual, whether established by proof or implication of law; damage implied is not a figment but a reality upon which may rest a judgment carrying a substantial bill of costs.

■■ Instruction No. 11 was not erroneous. Given as a guide for damages generally, it was correct as far as it went. In the absence of statute to the contrary, where both actual and punitive damages are, as here, recoverable, a general verdict is sufficient; and, unless requested, the failure to instruct for a distinctive verdict is not fatal error. (17 C. J. 1083, and notes.) If appellant desired a specific instruction on punitive damages he should have requested it. (*Boomer v. Isley*, 49 Ida. 666, 290 Pac. 405; *Lessman v. Anschustigui*, 37 Ida. 127, 215 Pac. 460; *Joyce Bros. v. Stanfield*, 33 Ida. 68, 189 Pac. 1104; *Manley v. Bailey*, 151 S. C. 366, 149 S. E. 119.)

Judgment affirmed; costs to respondent.

Budge, Givens, Varian and McNaughton, JJ., concur.