BOGLE v. BUMGARNER.

No. 31572.    Feb. 27, 1945.

*156 P. 2d 813.*

R. A. Wilkerson, of Pryor, for plaintiff in error.

Ernest R. Brown and T. L. Marteney, both of Pryor, for defendant in error.

PER CURIAM.  This action was commenced by the plaintiff to recover the sum of $975 paid for certain real property, together with other damages. On April 26, 1938, the defendant sold to the plaintiff lots 8, 9, and 10 in block 1 of the town of Langley, Mayes county, Okla.  The plaintiff paid the defendant the sum of $975.  No deed was delivered to plaintiff at the time.  On October 19, 1940, the defendant executed an easement to the board of county commissioners of Mayes county covering the lots.  In the action plaintiff recovered $975 and the interest thereon, and the defendant appeals.

Defendant admits the essential facts as above stated and for defense states that he did, in fact, within two days after payment, make, execute and deliver a deed to the plaintiff; that the defendant executed the easement because the plaintiff had failed to record his deed, and that there might be no delay in the execution and delivery of such easement and in order that the expense of having a deed recorded might be avoided; that the defendant and plaintiff entered into an agreement and understanding that if it should appear that what was left of lots 8, 9, and 10 did not possess a value after the road for which the easement was given was constructed that would be equal the value of said lots without the road, then the defendant would convey to the plaintiff other lots in block 1 and adjacent to said roadway that would fairly compensate the plaintiff for the damages sustained by reason of execution of the easement and the construction of the roadway.

The defendant presents two allegations of error.  It is first argued that

the court erred in refusing to instruct the jury to the effect that if they found from a preponderance of the evidence, after considering all of the facts and circumstances, that the defendant did in fact deposit a duly executed deed in favor of the plaintiff conveying to him said lots 8, 9, and 10 in the United States mail duly addressed to the plaintiff, with postage thereon prepaid; or if they found from a preponderance of the evidence that said plaintiff had agreed to a delay in the delivery of the deed to him until such time as the question of the location of the right of way for highway purposes was settled, then, and in either event, the verdict should be in favor of the defendant. We are of the opinion, and hold, that the instruction of the trial court in the substantial language of the pleadings in this respect was proper, and there was no error in refusing the requested instruction. Defendant cites and relies on Roadway Express, Inc., v. Baty, 189 Okla. 180, 114 P. 2d 935. Therein there was a failure to instruct upon the fundamental issues involved in the action. In Boatman's Bank v. Rogers, 177 Okla. 85, 57 P. 2d 860, we held that instructions not within the issues or pleadings are erroneous. It would have been erroneous to give the requested instructions.

In the second proposition defendant objects to instruction No. 5. This instruction advised the jury that if they found and believed that there was an offer by defendant and an acceptance on the part of the plaintiff for said fractional part of the lots referred to above, then, and in that event, the plaintiff would not be entitled to recover in this action and their verdict in that event should be for the defendant. This instruction was most favorable to the defendant and more than he was entitled to under the allegations of his petition, for he says there is no evidence to support the fact that the defendant made any such offer. It is based on his argument that the plaintiff made the offer and that the defendant accepted it. If the defendant made no such offer, then his action in executing the easement is without explana-

tion or defense. His defense was that the offer was made which the plaintiff accepted, and that therefore he, the defendant, had the right to execute the easement. Any other explanation would tend to show an unauthorized execution of an easement by the defendant after he had received the money in full payment and had executed and delivered a deed. We are of the opinion, and hold, that the instruction of the court fully embraced the issues of the defense tendered in the action. It is not error to refuse a requested instruction where the instructions by the trial court have fairly covered the issues involved in the action. Meiling v. Michael, 182 Okla. 508, 78 P. 2d 704; Home Mutual Life Ass'n v. Hodges, 183 Okla. 104, 80 P. 2d 278.

The judgment of the trial court is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur.