ADA STEAM LAUNDRY v. KITCHENS et ux.

No. 31911. Dec. 11, 1945.

*164 P. 2d 877.*

Wimbish & Wimbish, of Ada, for plaintiff in error.

W. V. Stanfield, of Ada, for defendants in error.

BAYLESS, J. Gary Kitchens and wife sued Ada Steam Laundry, a corporation, for damages, and the latter appeals from a judgment of the district court of Pontotoc county against it.

Plaintiffs alleged that defendant erected a building on a lot adjacent to their residence property and conducted a laundry business therein in such a manner as to constitute a nuisance and to their damage. The damages were sought for depreciation in value of the real estate and for loss of comfort, repose, and safety.

It is first urged that the plea of res judicata made in defendant's answer was a complete defense as a matter of law, and not having been denied or

otherwise defended against by any pleading, it stood admitted under 12 O. S. 1941 § 280, requiring a pleaded defense as to new matter, and section 286, following, making certain allegations evidence of their own truth if not denied under oath. St. Louis & S. F. Ry. Co. v. Stuckwish, 137 Okla. 251, 279 P. 683. That decision does not say that the mere failure to deny such a plea puts the trial court to the burden of rendering judgment for the defendant. If defendant had moved for judgment on the pleadings, the issue would thus have been put to the trial court for decision. Since defendant did nothing more when the plaintiff became in default of a reply, there was nothing the trial court could do, and the defect of a want of pleading was waived by the defendant's going to trial without taking some step to take advantage of the condition. See Holt v. Holt, 23 Okla. 639, 102 P. 187, and other cases.

It is also urged that instruction No. 4 "was misleading and vicious and very prejudiced" because of the use of the word "unlawful" in the definition of a nuisance. The instruction used the statutory definition, which includes the word "unlawful", and there is no merit in this contention. Defendant's requested instruction No. 2 appears to be correct, but we cannot say there was error in refusing to give it because we believe its purport is implied in the instructions actually given. The jury understood that a business that is lawful is not a nuisance per se. The same is true of No. 3, since the jury was told more than once what plaintiffs should show in order to recover. Requested instruction No. 1 is not proper because plaintiffs were not trying to recover on any presumption arising from the granting of the permit to build the laundry, and did not rely on any reference of liability not associated with their specific charges of negligence. It is urged that court's instructions 6, 7, and 8 are erroneous because they are erroneous statements of law, and 7 and 8 are confused and contradictory. They are not erroneous statements of the law.

Nos. 7 and 8 do not use different and contradictory monetary measures of damages. No. 7 specifies the maximum that can be allowed on both causes of action, whereas 8 is limited to the damages to the real estate.

It is next urged that the judgment is not supported by sufficient evidence and is contrary to law. The only argument made in support of this is that some of the testimony of one of the plaintiffs is inherently improbable as being contrary to the laws of nature. However, the argument is not consistent with the premise and when fully developed involves only a question of degree—that is: Will smoke and soot from a 50- or 60-foot chimney always blow away or will it descend so rapidly as to fall on adjoining property. We think it clearly was a matter for the jury.

The argument in support of the charge of a lack of evidence of values is directed to the qualification of the witnesses, and to instances of the admission of incompetent testimony. These are matters falling largely within the province of the trial judge, whose rulings thereon will not be disturbed in the absence of a showing of abuse of discretion. There is no such showing here.

The last issue we will notice involves the contention that plaintiffs are estopped to claim damages because they did not pursue to a final conclusion their earlier efforts to prevent the issuance of a permit to establish a laundry at this place. The argument in support of this contention is in substance: That the plaintiffs knew that defendant intended to establish a laundry where it did, and reasonably anticipated that the establishment of a laundry there would depreciate the value of their property and its operation would likely interfere with their repose, comfort, and safety, thus making it the duty of plaintiffs to exhaust every means to prevent defendants doing this. And further, if plaintiffs took no steps to prevent the establishment of this laundry, or if they

undertook some step to prevent it but failed to prosecute such step to its ultimate and successful conclusion, plaintiffs would be guilty of inequitable conduct that would lead defendant to complete its enterprise and to conduct its business thereafter in the belief that plaintiffs did not object thereto and would not seek damages if the conduct of the business injured him or his property rights. No authorities are cited directly in support of this, and the authorities called to our attention are only general statements of the rule involving wholly dissimilar fact situations. The rule in Block v. Atlas Supply Co., 51 Okla. 426, 152 P. 81, that a property owner must use care to minimize the damage to his property due to the injurious acts of another is wholly inapplicable under this assignment and the record.

The remaining contentions are not argued at length or supported by citations, and hence will not be discussed herein.

The judgment is affirmed.

RILEY, WELCH, CORN, and ARNOLD, JJ., concur.