## ST. LOUIS & S. F. R. CO. et al. v. LEDBETTER et al.

No. 9895—Opinion Filed May 31. 1921.

Rehearing Denied Sept. 13, 1921.

(Syllabus.)

1. Eminent Domain—Damages to Abutting Property from Location of Roundhouse, etc.—Right to Recover — Constitutional Provision.

Where the owner of an abutting tract is damaged by the location of switch yards, roundhouse, coal chutes, pits, etc., his right of recovery is not governed by the law relating to recovery for damages caused by a nuisance, but is governed by the law of compensation for damages sustained by the location and necessary operation of a public service or utility. The constitutional provision that "private property shall not be taken or damaged for public use without just compensation" means that the public shall neither take nor damage private property for public use without justly compensating the owner thereof.

## 2. Same.

The above provision is made in contemplation of the essential right of the public to take private property for public use when it becomes necessary, and to use it in such manner and for such purpose as th᾽ public necessity may require, although the manner of its use and the purpose for which it is used may damage abutting property, but the owner thereof is nevertheless entitled to compensation for the damage actually sustained.

## 3. Same—Verdict for Damages—Sufficiency of Evidence.

Where the evidence is sufficient to warrant the conclusion that property was worth $7,000 before the location of switch yards, roundhouse, coal chutes, etc., abutting thereto, and was worth but $4,000 afterward, and that the operation of said facilities had caused the depreciation, a verdict for $1,500 will not be set aside as not being supported by the evidence.

## 4. Pleading—Amendment—Statute.

Section 4790, Revised Laws 1910, provides: "The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved. when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform. in any respect, to the provisions of this Code. the court may permit the same to b᾽ made conformable thereto by amendment."

## 5. Same—Changing Name of Railroad Defendant.

Under the foregoing statute it was not error for the trial court to permit plaintiff to amend petition by substituting the name "St. Louis-San Francisco Railway Co." for the name "St. Louis & San Francisco Railroad Co.," it appearing that the regular service agent of the identical line alleged to have caused the damage had been duly served with summons, and that the regular attorneys for said identical line appeared and answered and defended against the action, and also appearing that no injustice was done by the amendment.

## 6. Trial—Instructions—Refusal of Requests.

It is not error to refuse to give instructions which do not state the law applicable to the facts in a case, nor error to refuse correct instructions where they are already fully covered by the court's charge.

## 7. Eminent Domain—Action Against Railroads for Damages to Abutting Property—Sufficiency of Instructions.

Instructions examined, and found to be a substantially correct statement of the law, and to cover the material issues of fact with reasonable fairness and fullness.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Guy T. Ledbetter and Lola Ledbetter against the St. Louis & San Francisco Railroad Company and the Oklahoma, New Mexico & Pacific Railway Company for damages to premises. Judgment for plaintiffs, and defendants bring error. Affirmed.

W. F. Evans and Kleinschmidt & Grant, for plaintiffs in error.

Ledbetter, Stuart, Bell & Ledbetter, for defendants in error.

HARRISON, C. J. This was an action for damages to plaintiffs' property resulting from the noises, smoke and soot, etc., caused by the operation of a roundhouse and switch yards adjacent to plaintiffs' property.

Plaintiffs sued for $3,000, and were given a verdict for $1,500. The railroad company, defendant below, appealed upon an assignment of numerous errors, which, though grouped into four propositions, are considered and argued all together. However, they involve three distinct questions necessary to be answered:

1st. Whether the verdict was contrary to law and the evidence

2nd. Whether the court erred in permitting plaintiffs to substitute the name "St. Louis-San Francisco Railway Company," instead of the name "St. Louis & San Francisco Railroad Company."

3rd. Whether there was error in the court's charge to the jury.

The first proposition goes to the question of right of recovery under the law. The plaintiffs sued for compensation for the damage done to their property, caused by the running of trains, jarring noises, vibrations, whistles, escaping steam, coal dust, soot, cinders, etc., in the operation of the roundhouse, coal chutes, and switch yards; the basis of their action being the damage ac-

tually sustained, and their right of recovery being upon section 24, art. 2, of the Constitution, which provides:

"Private property shall not be taken or damaged for public use without just compensation."

The railroad company defended on the theory that the action was governed by the law of nuisance, that the right of recovery in this action depended upon the law for recovery from operation of a nuisance. A great many authorities are cited in support of the railway company's theory of the action, but the authorities cited are not applicable to the issue in this case. Plaintiffs' case was not based upon such theory. While the damage sustained may have been of the same character as it would have been had the operation of the railroad been a nuisance, yet they did not sue upon that ground. They sued upon the theory that, though the operation of the railroads be lawful, yet if their property had been depreciated in value by the location of roundhouse, coal chutes, and switch yards, and the operation of trains and switch engines in such close proximity, they were entitled under the Constitution to compensation for damage actually sustained.

Under the decisions of this court, and the courts of other states where the same question has been presented, the right to recover has been upheld. In Muskogee et al. v. Hancock, 58 Okla. 1, 158 Pac. 622, the right to compensation under this section of the Constitution was under consideration, and this court held that, under said section, "a recovery may be had in all cases where private property is damaged in making an improvement that is public in its nature." In the syllabus the court said:

"The use of the words 'or damaged', in addition to the word 'taken', in the above section of the Constitution, indicates a deliberate purpose not to confine a recovery to cases where there is a physical invasion of the property affected, but to make the test of liability the fact that private property has been 'damaged' for the public use, without regard to the means by which the injury was effected."

It was also said in the above case that the degree of care exercised in the work upon said utility was immaterial.

Nebraska has a similar provision (sec. 21, art. 1), and in the case of Omaha & N. P. Ry. Co. v. Janecek, 46 N. W. 478, the court said:

"If the property has been depreciated in value, by reason of the public improvement, which the owner has specially sustained, and which is not common to the public at large, a recovery may be had. In the case at bar, the plaintiff's property is depreciated in value by the noise caused by the operation of the defendant's engines and cars in front of his premises, and in close proximity to his house, by the casting of soot, smoke, and cinders upon his property, and by the vibration of his house. The plaintiff has sustained special damages by the construction and operation of the railroad near his premises in excess of that sustained by the community at large. Smoke, soot, and cinders are not thrown upon property situated a few blocks from the road, nor does the moving of trains jar buildings that are distant from the track. The fact that the property of a dozen or more owners in the town is materially injured by the location of the defendant's road does not affect the plaintiff's right to compensation for the depreciation in value of his property."

In the case of Choctaw, O. & G. R. Co. v. Drew, 37 Okla. 396, 130 Pac. 1149, a case which arose prior to statehood and in which a recovery was based upon the common-law right of action for damages, a judgment awarding damages was affirmed by this court. In that case the same contention was made that is relied upon in the case at bar, namely, that a railroad company is not liable to an abutting owner in damages resulting from noise, smoke, soot and other inconveniences arising from the operation of trains in lawful, careful, and proper manner, and that a nuisance should not arise so as to give a right of action from that which the law authorizes. In that case, as in this, the railroad company had located and erected roundhouse, switches, turntables, and cinder pit near the residence property of plaintiff, and, it was alleged, "so used them as to greatly impair the value thereof by filling the atmosphere with offensive gases, dust, steam and dense smoke, by throwing cinders over and upon said premises, and by loud noises and offensive odors." This court, in disposing of such contention said:

"The fact that the law authorized plaintiff in error to acquire a right of way and, where necessary for the purposes named, additional grounds, did not authorize the construction of machine shops, roundhouses, cinder pits, and appurtenances of a like nature, wherever deemed proper, without regard to the property rights of others. Whatever the extent of the authority conferred by the act, it was accompanied by the implied qualification that the works should not be so placed as by their use to unreasonably interfere with. disturb or destroy the peaceable and comfortable enjoyment of others in their property. Grants of privileges or powers to railroads, like those involved. confer no license to use them in disregard of the private rights of others, and with immunity for their invasion." Citing: Anderson v. Chicago, M. & St. P. R. Co., 85 Minn. 337, 88 N. W. 1001; Louisville & N.

T. Co. v. Lellyett, 114 Tenn. 368, 85 S. W. 881, 1 L. R. A. (N. S.) 49; Louisville & N. T. Co. v. Jacobs, 109 Tenn. 727, 72 S. W. 957, 61 L. R. A. 188; Beseman v. Pennsylvania R. Co., 50 N. J. Law, 235, 13 Atl. 167; Booth v. Rome, W. & O. Terminal R. Co., 140 N. Y. 273, 35 N. E. 593, 24 L. R. A. 105, 37 Am. St. Rep. 552; Alabama & Vicksburg Ry. Co. v. King, 93 Miss. 379, 47 South. 857, 22 L. R. A. (N. S.) 603; King v. Vicksburg R. & Light Co., 88 Miss. 456, 42 South. 204, 6 L. R. A. (N. S.) 1036, 117 Am St. Rep. 749; Terrell v. Chesapeake & O. Ry. Co., 110 Va. 340, 66 S. E. 55, 32 L. R. A. (N. S.) 371; Cogswell v. New York, etc., Ry. Co., 103 N. Y. 10, 8 N. E. 537, 57 Am. Rep. 701; Northern Pac. Ry. Co. v. United States, 104 Fed. 691, 44 C. C. A. 135, 59 L. R. A. 80; Baltimore & Potomac Ry. Co. v. Fifth Baptist Church, 108 U. S. 329, 2 Sup. Ct. 726, 27 L. Ed. 729.

See, also, note to Choctaw, O. & G. Ry. Co. v. Drew, supra, in 44 L. R. A. (N. S.) 38, which note refers to notes to Tidewater R. Co. v. Shartzer (Va.) 17 L. R. A. (N. S.) 1054, and Hyde v. Minnesota D. & P. R. Co. (N. D.) 40 L. R. A. (N. S.) 48, concerning the right to damages "under a constitutional provision." The Drew Case, supra, is again referred to in L. R. A. 1916 E, 1058.

So, aside from the plain provisions of the constitution above referred to, the right to recover in such case has been generally recognized and upheld by the courts. In fact, it is quite uniformly so held by the courts of states having a similar constitutional provision. The constitutional provision that "private property shall not be taken or damaged for public use without just compensation," means that the public shall neither **take nor damage** private property for public use without justly compensating the owner thereof.

The provision is made in contemplation of the right of the public to take private property for public use, when it becomes necessary, and to use it in such manner and for such purposes as the public necessity may require, although the manner of its use and the purpose for which it is used may damage abutting property. But if A. and B. own adjoining tracts, A.'s tract being worth $500, and B.'s worth $1,000, and a public service requires that A.'s tract be, and it is, taken for a switchyard, roundhouse, coal pits, chutes, etc., and A. is compensated for the value of his property thus taken, B.'s property, though not taken, has been depreciated in value, by the location and operation of such necessities, until it is worth but $500. In such case the Constitution provides that each shall be compensated for damage actually sustained.

Hence, the judgment is not contrary to law, and, in view of the testimony submitted, we must say that the verdict was sustained by the evidence.

Plaintiffs owned the greater portion of one whole block in one separate tract, and an additional tract of about 10 acres in another, the value of both tracts being affected by the close proximity of the switch yards, roundhouse, coal chutes, etc. As many as four real estate men of the city of Ardmore, each testified that he had lived in the city for periods varying from 12 to 16 years, that he had been in the real estate business for a number of years, knew the value of real estate and town lots in and around the city of Ardmore, knew the identical property involved herein, and knew the value of same before and after the location of the roundhouse, switch yards, coal chutes, etc., and each testified that the value of this property was about $7,000 before the establishmnt of the roundhouse, switch yards, coal chutes, etc., and less than $4,000 since the establishment of same, and that the damage would be the difference between the prices before and after. Plaintiff, and other witnesses. testified as to the nature and character of the disturbances, consisting of noises. whistles, bells, escaping steam, jarring, running. and switching trains, and the effects of coal smoke, soot, etc.. upon their residences, their clothes, and clothes upon the line after being laundered.

On the other hand, there was testimony by which it was sought to disprove the damage sustained; but the jury heard all the testimony, and weighed same, and returned a verdict for $1,500. This verdict, we think, is supported by the evidence.

As to the second question, whether the court erred in permitting plaintiffs to substitute the name "St. Louis-San Francisco **Railway** Company" instead of the name "St. Louis & San Francisco **Railroad** Company": The railway company contends that the court erred in allowing the substitution, and makes a rather extended argument in support of the contention, but relies principally upon one case—Jordan v. C. & A. R. Co. (Mo.) 79 S. W. 1155—which is not at all applicable to the case at bar. It was an action for malicious prosecution on charges for petit larceny, and when applied to the case at bar, refutes, rather than supports, the contention of the railway company. In the body of the opinion the court said:

"If the railway company was the corporation in truth and in fact sued. and the summons was actually served upon its agent, in such event. upon due proof of these facts, the action of the lower court might have been justified."

In many cases it has been held that the terms "railway" and "railroad" are synony-

mous: Railway Co. v. Weaver (Tex. Civ. App.) 41 S. W. 846; C. & M. R. Co. v. Morris (Tex.) 3 S. W. 457; G., H. & S. A. Ry. Co. v. Donahoo, 56 Tex. 162; Davis v. State (Ga.) 32 S. E. 158; State v. Brin (Minn.) 16 N. W. 406; State v. Goode (Iowa) 27 N. W. 772.

Also our statutes allow trial courts considerable latitude in the amendment of pleadings; section 4790, Revised Laws 1910, being:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved when such amendment does not change substantially the claim or defense, and when any proceeding fails to conform, in any respect to the provisions of this Code, the court may permit the same to be made conformable thereto by amendment."

But, aside from the fact that the court is sustained by the statutes and by the decisions of other courts under similar conditions, viewing the conditions here presented for what they actually are, we are not impressed with the merits of this contention. It is simply asking that a distinction in law be made where no distinction in fact exists—at least, so far as this action is affected, or the substantial rights of the parties hereto are affected. The St. Louis & San Francisco Railroad Company's line and the St. Louis-San Francisco Railway Company's line are one and the same. It is the roundhouse, coal chutes, and switch yards, and the operation of trains with their attendant noises and annoyances on this particular line, that are alleged to have damaged the value of plaintiffs' property. It was immaterial, so far as the property was concerned, whether this particular line be designated a "railroad" or "railway," or whether it had changed its name from "St. Louis & San Francisco" to "St. Louis-San Francisco." It was the identical roundhouse, coal chutes, and switch yards on this identical line that are alleged to have caused the damage, and the mere hyphenation of its name from "St. Louis & San Francisco" to "St. Louis-San Francisco" neither lessened the damage nor extenuated the liability of this identical line, it being a fact that the line of the "St. Louis & San Francisco Railroad Company" and the line of the "St. Louis-San Francisco Railway Company" were one and the same, and the identical one which caused the damage; and it appearing that the regular service agent

of this identical line has been duly served with summons, and that the regular attorneys for this identical line have appeared, answered, and defended, no substantial injustice being made to appear, this court will not reverse the judgment of the trial court for permitting the amendment complained of.

As to the third question, whether there was error in the court's charge to the jury, and whether there was error in the refusal to give certain instructions offered by the railroad company, an examination of the court's charge reveals that the court covered all the material issues of fact with reasonable fullness and clearness, and that the law given to the jury by the court was substantially correct; and that the refusal of the instructions offered by the railroad company was justified, upon the grounds either that the correct paragraphs in the offered instructions were already covered in the court's charge, or that other paragraphs offered did not state the law. In our opinion there is no substantial error in the instructions, and upon the whole the record presents a fair trial of the issues involved, and the verdict and judgment should be sustained.

The judgment is affirmed.

JOHNSON, McNEILL, MILLER, ELTING, and KENNAMER, JJ., concur.