Charles L. MARSHALL et ux., Appellants,

v.

CITY OF AMARILLO, Appellee.

No. 6679.

Court of Civil Appeals of Texas.

Amarillo.

May 27, 1957.

McCarthy, Rose & Haynes, Amarillo, for appellants.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellee.

CHAPMAN, Justice.

This is a condemnation suit filed by appellee herein, City of Amarillo. The cause was originally instituted before a Special Commission by appellee against appellants, Charles L. Marshall and wife, Kathryn R. Marshall as lessees and the owners of certain land of which the Marshall lease constituted a part. Only the appellants herein as lessees excepted to the Special Commission's ruling and brought the case into the County Court at Law. Following a judgment for $1,500 awarded by said court, in accordance with a jury verdict, appellants perfected their appeal to this court.

The suit originally involved the taking of eleven and a fraction acres of land by the City of Amarillo for the purpose of extending and expanding the present municipal airport. The appellants own a leasehold interest in a tract 50 x 140 feet out of said larger tract and operate, in a concrete block building located thereon, The Wing Loan Company. Their business consists of making loans to service men and to the public generally under a pawn brokerage procedure and in sales of merchandise appropriately for military personnel. Appellants were occupants of said premises under a written lease for a primary period of five years at $150 per month with an annual renewal option for an additional five years under the same terms.

Prior to the trial before the jury appellee, City of Amarillo, filed a written motion to suppress certain testimony concerning net profits of appellants made in the operation of their business under their leasehold interest. The court below refused to permit any testimony of net profits and the sole assignment of error urged by appellants is that the court erred in refusing them the right to offer such testimony of past net profits before the jury.

Testimony was offered at great length concerning the location and accessibility of appellants' business to the public with which they were dealing, the type or nature of their business, the adaptability of the leased premises to the purposes for which it was being used and their lease agreement. Their testimony showed they were conducting a going business and that they would have renewed their lease for an additional five years but for the condemna-

tion proceeding. The only testimony refused by the court on which the appellants' assignment of error is predicated was evidence of the net profits of appellants' business conducted on the leasehold estate.

Appellants urge the case of Reeves v. City of Dallas, Tex.Civ.App., Dallas, 195 S.W.2d 575 (error ref. N.R.E.) as support for their contention that their testimony of past profits of the leasehold estate was admissible. The trial court in that case did permit testimony of profits accruing from the business conducted by lessees but the record is not clear as to whether such testimony was objected to by condemnors. We believe two other Texas cases are more clearly in point with the case at bar.

In the case of Herndon v. Housing Authority of City of Dallas, Tex.Civ.App., 261 S.W.2d 221, 222, appellant Herndon owned land in Dallas on which he had improvements consisting of a brick store building, a frame business building and a frame residence. He operated a grocery store in the brick building, a cafe in the frame business building and lived in the frame residence. The trial court refused to permit evidence of the grocery revenue and the profits derived from the grocery business and the cafe business operated on the Dallas real estate in question. The Court of Civil Appeals of Dallas (error refused) sustained the trial court's ruling and in doing so quoted with approval from 7 A.L.R. 163, p. 164 as follows:

"With remarkable unanimity the American jurisdictions hold that evidence of profits derived from a business conducted on property is too speculative, uncertain, and remote to be considered as a basis for computing or ascertaining the market value of the property in condemnation proceedings."

The court further said:

" * * * The appellee is not condemning the grocery and cafe business owned by appellant. The condemnation

is an invasion and taking over of all of appellant's interest in the real estate, but it is not even a partial taking or direct touching of appellant's interest in the two businesses. Appellant retains his entire interest in said businesses and may continue to operate them, though of course he must move them to a new location * * *."

This situation is completely applicable to the case at bar. The condemnation proceedings took all of the Marshall's interest in the real estate, their leasehold interest, but it certainly did not take or seek to take their interest in their business, which they could continue to operate at some other location.

Most courts permit evidence of rents and profits derived from the intrinsic nature of the real estate itself. When a stone quarry is located on condemned land the owner may show his profits from the quarry business because it is part of the intrinsic nature of the land itself. The same rule applies to lands suitable for raising live stock and dairy products. Id., Herndon v. Housing Authority of City of Dallas. These situations just related are not analogous to our case and should not be confused with cases such as ours involving profits derived from a business operated on the land.

The other Texas case we have reference to is that of State of Texas v. Parkey, Tex.Civ.App., 295 S.W.2d 457, 461. In the Parkey case, just as in ours, the entire leasehold was acquired by condemnation. Parkey was permitted to testify, over proper objection, that the operation of the grocery business conducted by him on the leased premises resulted in a net profit of $4,-658.30. In holding the trial court committed error by permitting such testimony the Court of Civil Appeals of Waco speaking through Mr. Justice Hale said:

"In our opinion, the court erred in overruling the objection of appellants to this testimony and in admitting the same in evidence. We base our con-

clusion upon the holding in the case of Herndon v. Housing Authority of City of Dallas * * * and the authorities and discussion set forth in the opinion disposing of that case."

We hold the court below was correct in refusing to permit the Marshalls, appellants herein, to offer testimony of net profits they derived from the business they operated on their leasehold. We not only base our conclusion upon the holding in the Herndon case and the authorities and discussions set forth in the opinion disposing of that case but also under the authority of the Parkey case cited above. We believe the reasoning in those cases and the conclusions arrived at were proper. Accordingly, appellants' assignment of error is overruled and the judgment of the court below is affirmed.

CHAPMAN, A. J., concurs.