STATE of Oklahoma ex rel. DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Plaintiff in Error,

v.

H. B. ROBB, Alex Blue, and Admiral Thom McAn, Inc., Defendants in Error.

No. 41840.

Supreme Court of Oklahoma.

March 11, 1969.

Rehearing Denied May 6, 1969.

 

John Paul Walters, Chief, Legal Division, Dept. of Highways, State of Oklahoma, for plaintiff in error, Roland A. Walters, Jr., W. Howard O'Bryan, Jr., Oklahoma City, special counsel for plaintiff in error.

Jack I. Gaither, Tulsa, for defendants in error.

LAVENDER, Justice.

This appeal, by the State of Oklahoma, involves a jury verdict in the amount of $328,901.68, and the district court's judgment against the state, based thereon, in a condemnation proceeding in which both sides demanded a jury trial. In that proceeding, the state, as plaintiff, condemned, for highway purposes, a portion only of a tract of land owned by the defendants in error in the City of Tulsa and upon which they then were, and for several years prior thereto had been, operating a "drive-in" motion picture theater.

The state presents only one proposition: "Evidence of profit derived from business conducted on property is too speculative, uncertain, and remote to be considered as a basis for computing or ascertaining the market value of property in condemnation proceedings, and its admission constitutes reversible error."

■ For a better understanding of the basic problem involved, we note that Section 24 of Article 2 of the Constitution of the State of Oklahoma provides, insofar as pertinent here, that:

> "Private property shall not be taken or damaged for public use without just compensation. * * *;"

and that, where, as here, a part only of a tract of land is condemned and damages are sought for the value of that taken and consequential damages to that not taken, the measure of damages is the difference between the fair market value of the whole property immediately before the taking and the fair market value of the portion left immediately after the taking, and evidence to establish additional damages beyond that is not admissible, although evidence may be admitted of specific factors which contribute to the depreciation in fair market value. State of Oklahoma ex rel. Department of Highways of the State of Oklahoma v. Weaver (1956), Okl., 297 P.2d 549; Driver et al. v. Oklahoma Turnpike Authority (1959), Okl., 343 P.2d 1079. Both sides tacitly recognize this general rule, although neither side specifically refers to it in the briefs.

■ The state also recognizes the general rule, set forth in City of Tulsa v. Horowitz (1928), 131 Okl. 63, 267 P. 852, and Owens v. Oklahoma Turnpike Authority (1954), Okl., 283 P.2d 827, that, in condemnation proceedings, the extent of the range of inquiry to be permitted regarding the value of the property taken or damaged is largely in the discretion of the trial court and the action of the trial court in admitting or excluding evidence concerning value will not be disturbed unless there has been an abuse of such discretion, and also recognizes the general rule, set forth in City of Enid v. Moyers et al. (1945), 196 Okl. 470, 165 P.2d 818, 173 P.2d 419, that any competent evidence of matters, not merely speculative, which would be considered by a prospective vendor or purchaser, or which tend to enhance, or depreciate, the value of the property, is admissible as affecting the value of the property. Also, see City of Tulsa v. Horowitz, supra, and State ex rel. City of Ardmore et al. v. Winters et al. (1945), 195 Okl. 243, 156 P. 2d 798.

While it is true (as argued by the state) that some states hold, or at least appear to hold, that evidence of income and/or profits from a business conducted on private

property taken or damaged for public use is too speculative to be considered as a factor in arriving at the market value of the property in question, Oklahoma is not among the states so holding.

Oldfield v. City of Tulsa (1935), 170 Okl. 329, 41 P.2d 71, 98 A.L.R. 953, cited by the state in support of its proposition, did not involve the value of land, as in Chicago, R. I. & P. Ry. Co. et al. v. Prigmore (1937), 180 Okl. 124, 68 P.2d 90, or the value of an interest in land, like the leasehold estate in Chicago, R. I. & P. Ry. Co. et al. v. Larwood (1935), 175 Okl. 96, 51 P.2d 508, but was a proceeding for compensation for loss of business profits, as such. The Oldfield case is not in point.

In Chicago, R. I. & P. Ry. Co. et al. v. Larwood, supra, the plaintiff brought an action, in "reverse condemnation," to recover compensation for damages to his leasehold estate caused by the street in front of his place of business being torn up and closed during construction of a certain public improvement, and this court held that evidence concerning the plaintiff's income and profits from his business, during the year before construction started and during the construction period, was admissible as bearing upon the depreciation in value of his leasehold estate. Also, see Tulsa County Drainage District No. 12 v. Stroud (1947), 198 Okl. 688, 181 P.2d 1000, wherein, as here, the plaintiff in a condemnation proceeding condemned a part only of a tract of land owned by the defendant and this court held that evidence concerning the defendant's income and profits from a business conducted on the tract of land was admissible as bearing upon the market value of the land before and after the taking.

In the Larwood case, this court quoted the above-quoted portion of Section 24 of Article 2 of the Oklahoma Constitution, and said (page 509 of the Pacific report):

"Under this constitutional provision a recovery is authorized, although there is no physical invasion of the property damaged [Oklahoma citations]. The true measure of damages under this constitutional provision is the depreciation in the market value of the property so taken or damaged, resulting from the public improvement [Oklahoma citations]. The same rule applies to the interest of a lessee [C.J. and R.C.L. citations]. Under this constitutional provision there can be no recovery for loss of profits or of good will to a business, as they do not constitute 'property' as that term is used [Citations from other states only, although Oldfield v. City of Tulsa, supra, could have been cited].

"While there is a conflict in the authorities as to whether under such a constitutional provision evidence is admissible as to the gross sales and net profits of a business before and after such construction, to aid the jury in determining the depreciation in the market value of the property taken or damaged, we think the better rule is that such evidence is admissible [Citations]. However, the court should make it plain to the jury that they are to consider it only to aid them in determining the depreciation in the market value. * * *

"The jury is entitled to all the facts that have a legitimate bearing on the question as to the depreciation in the market value of the property taken or damaged, to aid them in determining the depreciation in the market value. The value of business property is largely determined by the profit that can be made by the use of it. A prospective purchaser as well as an expert witness who is called upon to give an estimate as to the value would certainly want to know whether the business carried on is or is not profitable, and whether the location is desirable from the standpoint of income."

The same principle is expressed, and applied, in State of Montana et al. v. Peterson et al. (1958), 134 Mont. 52, 328 P.2d 617, and in State of Idaho ex rel. Rich et al. v. Halverson et al. (1963), 86 Idaho

242, 384 P.2d 480 (and cases cited therein from other states).

We are not unmindful of cases such as Kelly et al. v. Oklahoma Turnpike Authority (1954), Okl., 269 P.2d 359, and Finley et al. v. Board of County Commissioners of Oklahoma County (1965), Okl., 291 P.2d 333, in which this court held, in effect, that it was not necessarily reversible error for the trial court in a condemnation proceeding to exclude evidence concerning income and profits from a business conducted on the private property taken or damaged for public use. They are not in point in the present case, wherein the trial court did not exclude such evidence, but admitted it.

We hold that within the exercise of sound judicial discretion by the trial court evidence concerning the income and profits from a business being conducted on the property involved is admissible, in a condemnation proceeding involving the just compensation provided for in Section 24 of Article 2 of the Constitution of the State of Oklahoma when private property is taken or damaged for public use, as bearing upon the question of the fair market value of such property, although it is not admissible for the purpose of establishing a separate item of damages for loss of business profits.

In the present case, the question of the amount of just compensation to be paid the property owners was the only issue presented for determination in the trial court, and the trial court, in its instructions, limited the jury's consideration of the evidence to its effect upon the fair market value of the entire tract immediately before the taking and/or the fair market value of the remaining portion of the tract immediately after the taking, and the resulting difference between those market values.

Judgment affirmed.

IRWIN, C. J., and DAVISON, WILLIAMS, BLACKBIRD, JACKSON, HODGES and McINERNEY, JJ., concur.