**STATE of Oklahoma ex rel. DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Appellee,**

v.

**Mrs. Edna Faye AKER et al., Appellants.**

No. 44359.

Supreme Court of Oklahoma.

March 13, 1973.

Thomas N. Keltner, Chief, Legal Division, Robert D. Baron, Attorney, Department of Highways, Oklahoma City, for appellee.

Alex Cheek and Clydine Cornett, Oklahoma City, for appellants.

SIMMS, Justice:

This appeal is taken by the landowner in a condemnation proceeding. The parties

will hereinafter be referred to as they appeared in the trial court.

Plaintiff commenced an action to condemn for highway purposes the south twelve feet of defendant's corner lot, located at the intersection of Northwest Tenth Street and St. Clair Avenue, in Oklahoma City.

In June, 1969, the trial court appointed three commissioners to appraise the value of the property taken and damages, "if any," to the remainder. Their report assessed defendant's damages at $2,056. At trial, plaintiff's witnesses testified the difference in market value before and after the taking was between $2,000 and $2,200. Defendant's witnesses testified that the difference in market value before and after the taking to be between $15,342 and $15,441.

The jury verdict fixed damages in the amount of $3,000.

Defendant's first proposition of error complains that the trial court erred in excluding defendant's expert witnesses testimony relating to comparable sales of other real property for the sole reason the "comparables" were too far physically distant from the condemned strip of land, i. e., two to three and one-half miles distant.

 In their brief defendants stated, and plaintiff concedes, Oklahoma has followed what seems to be the general rule that evidence of comparable sales is admissible either as direct proof of value or in support of the opinion of an expert, United States v. Featherston (10 Cir.), 325 F.2d 539. We note, however, this rule is subject to such limitations as forced sales, as happened in Durell v. Public Service Company of Oklahoma, 174 Okl. 549, 51 P.2d 517, 519 (1935).

Neither side, however, cite any authority dealing only with the proposition of the admissibility of evidence of comparable sales where the sole issue of distance or locality is the legal basis of accepting or rejecting such evidence; or establishing the guide lines for admissibility into evidence of so-called comparable sales.

In treating the subject, we find this language at 85 A.L.R.2d 113, 114:

A summary of "The cases involving the question of the admissibility of evidence of the sale price of other real property to prove the value of the real property in controversy reflect two principal views: (1) that the evidence is inadmissible, the minority view; and (2) that the evidence is admissible if the conditions surrounding the two pieces of real property are similar and if the sale of the other real property was neither too remote in point of time nor of such a character as to indicate that it did not represent the true value of the property, the majority view."

"While there is language in some cases which seems to indicate the existence of a third view that such evidence is admissible in the absolute discretion of the trial judge, it is doubtful whether the courts in these cases intended anything more than a re-affirmance of the widely recognized principle that the determinations whether conditions are sufficiently similar between the two tracts of land to justify the admission of evidence of the sale price of one on the issue of the value of other rests in the sound discretion of the trial court."

As well, the general rule is set out in 27 Am.Jur.2d § 429:

"It is a widely approved doctrine that evidence of the price paid for similar property by one other than the condemnor is admissible on the question of the value of the property condemned or damaged, where the conditions with respect to the other property and the sale thereof are similar to those involved in the case at bar, and provided the transaction was not so far removed in point of time from the appropriation as to make a comparison unjust or impossible, and provided the sale was made in a free and open market, and was not a compulsory sale, and provided the sale was for cash or its equivalent and not an exchange for other property, at least in the

absence of substantial evidence as to the value of such other property."

The location of the other property, the so-called "comparable," with regard to the condemned land has a direct effect in determining its similarity to the property in controversy.

This effect is manifested in two ways: (1) the distance from the real property in question, and (2) the situation of such other property with respect to business or residential advantages or conveniences (or, conversely, disadvantages or inconveniences, in comparison with the situation of the real property in question in those respects.)

Although no general rules can be laid down as to these two factors; the determination of the question of similarity in respect to location depends upon the character to the land involved, and the facts and circumstances of the particular case.

In Austin v. Cannizzo (1954), 153 Tex. 324, 267 S.W.2d 808, a condemnation proceeding, the court, holding that the judgment must be reversed because of an improper instruction, said, for the guidance of the court on retrial, that as bearing on the existence of a market for the property involved, which was located in the City of Austin, and of its market value, evidence of recent sales of comparable property should not be restricted to a narrow area, but that evidence of recent sales of other property in the same city, meeting the test of similarity, should be admitted. To the same effect, see Continental Development Corporation v. State (1960, Tex.Civ.App.), 337 S.W.2d 371; Re Armory Site in Kansas City (1955, Mo.), 282 S.W.2d 464.

In the case at bar, we find the following proceedings transpired when plaintiff attempted to introduce evidence of comparable sales through his expert witness:

"Q. Did you have comparable properties—evaluations?

A. Yes sir, I have comparable properties. They are scattered and none of them are in close proximity because there are no sales in close proximity that I considered as comparable sales under the circumstances.

Q. Were there some that were properties of a similar situation that you did consider?

A. Yes sir. They were in similar locations or similar ways and means of utilization of the property and some that had been eventually utilized in between times.

Q. Will you explain to the Jury what those were:

THE COURT: Yes sir. Let's find out where they are. That may determine whether they're comparable or not.

THE WITNESS: I have, one, two, three—

THE COURT: Where are they located?

THE WITNESS: I have four (4), five (5), that are located on Northwest 39th, both on the north and south side of the street. They are within three and one-half (3½) miles.

MR. DARROW: Which we object to as being immaterial.

THE COURT: Yes, they are not competent. You don't think they are comparable, do you?

THE WITNESS: Yes sir, I do.

THE COURT: Well, I don't.

MR. CHEEK: Could we have an objection, please?

THE COURT: Yes, you may have an objection and exception to my remarks. It is two (2) miles away, isn't it? The section line is Tenth Street and the next one is Twenty-third, next is Thirty-ninth.

THE WITNESS: These are three and one-half (3½) miles away, that's what I stipulated that they were three and one-half (3½) miles away.

THE COURT: They would not be comparable to this property. Exceptions are allowed to the land owner."

■ Oklahoma is committed to the rule that the extent of the range of inquiry to

be permitted regarding the value of the property taken or damaged in eminent domain proceedings is largely in the discretion of the trial court, and the action of the trial court in admitting or excluding evidence as to value will not be disturbed unless there has been an abuse of discretion. City of Tulsa v. Horwitz, 131 Okl. 63, 267 P. 852; State ex rel. City of Ardmore v. Winters, 195 Okl. 243, 156 P.2d 798; City of Enid v. Moyers, 196 Okl. 470, 165 P.2d 818, 173 P.2d 419.

▉ We can only conclude the trial court abused its discretion and committed fundamental error when that court summarily refused defendant the right to establish the similarity (or lack thereof) of their alleged "comparable sales," and in pre-emptorily ruling the evidence of comparable sales inadmissible on the sole grounds of distance within Oklahoma City.

Plaintiff next argues in its brief that the court refused to instruct the jury with particularity upon the issues of consequential damages, and loss of access and inconvenience.

Plaintiff's petition in the trial court prayed, among other things, that defendants be compensated for "damages to the remainder."

▉ Defendants submitted to the trial court some ten (10) written requested instructions going directly to the issue of consequential damages. The trial court refused each and all of defendant's requested instructions and ommitted any reference to consequential damages, damages for loss of access, or damages to the remainder in its charge to the jury. As well, we find this to be prejudicial error.

▉ Oklahoma has long held that "consequential" damages resulting to the remainder of the property suffered as a result of a portion thereof being condemned, is a compensable injury that the land owner is entitled to recover for. Driver v. Oklahoma Turnpike Authority, Okl., 343 P.2d 1079.

In the case at bar, prior to the taking, the landowners had free access onto Northwest Tenth Street in both directions, east and west. The evidence was undisputed that Tenth Street abutting defendant's property will be made into a one-way street, west bound only, thereby causing a diminution in defendant's means of access to his property.

Defendant's second proposition of error is clearly governed by State of Oklahoma ex rel. Department of Highways v. Bowles, Okl., 472 P.2d 896, 901:

"The taking or damaging of free or convenient access to landowner's property, however, does appear under the rulings of this Court to be compensable. In Oklahoma Turnpike Authority v. Chandler, Okl., 316 P.2d 828, we held:

'An owner of land abutting a public road which is closed so the means of ingress and egress from *one direction* is destroyed, and the owner is left in an cul-de-sac, suffers a special injury for which he may be compensated in damages, although he has access to public highway over another slightly circuitous road.'

"* * *

"We conclude and hold the trial court did not err in admitting evidence, and *instructing the jury,* relative to consequential damages to show the market value of the land at the time taken, with such depreciation in market value of the land not taken as may be reasonably anticipated to result from the taking for proper construction and operation of the project for which the land was condemned." (Emphasis added.)

It is to be noted that in State ex rel. Dept. of Highways v. Bowles, *supra,* the trial court did give an instruction relating to loss of reasonable access.

Defendant's final two propositions of error are directed at the conduct of the trial judge during the proceedings and the refusal of the judge to disqualify himself. Since the record reflects that the trial

judge has chosen to recuse himself from further proceedings in this case (Tr. 186, 187), it is unnecessary to treat these final two propositions of alleged error.

For the reasons hereinbefore set forth, the cause must be Reversed and Remanded for a New Trial.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, HODGES, BARNES, and DOOLIN, JJ., concur.